IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAURENTI BASARGIN,

    Plaintiff,

v.

                                    Case No. 15-3057-JTM

RONALD ROBINSON, ET AL.,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Laurenti Basargin filed this pro se civil rights complaint alleging that he was sexually assaulted while he was an inmate at Norton Correctional Facility (NCF) by defendant Ronald Robinson, an employee of Aramark, a company that provides food services to Kansas prisons. Plaintiff filed suit against Robinson, Aramark, seven of its employees, and three prison officials. After screening, the remaining defendants are Robinson, three Aramark kitchen supervisors (Debra Evans, Mary Shearer, and Michelle Garwood; collectively with Robinson, the "Aramark Defendants"), and Captain Tim Gill, a NCF corrections officer. Dkt. 7. Defendant Gill and the Aramark Defendants have each filed a motion to dismiss (Dkts. 37 and 43, respectively). For the reasons stated below, the court grants both motions to dismiss.

**I.      Allegations and Claims**

Plaintiff alleged the following. While an inmate at NCF, he worked in the kitchen from January 1, 2013 until May 3, 2013. During this time, Robinson, an Aramark employee of 14 years, constantly sexually harassed and assaulted him, despite his repeated requests to Robinson to stop and his repeated complaints to Robinson's supervisors (Evans, Garwood, and Shearer). Plaintiff told the Aramark supervisors that Robinson continually winked and blew kisses at him,

as well as touched his butt. Dkt. 1 at 5-6.[1] Plaintiff also complained that Robinson threatened him with the loss of his kitchen job. According to plaintiff, other inmates made similar complaints about Robinson over the past 10 years (*id.*), but it is Aramark staff's practice to treat all inmate grievances regarding its employees as nuisances, sweep them under the rug (*id.* at 14), and dispose of them by either moving the inmate to another facility or firing the inmate (*id.*).

On May 3, 2013, while working in the kitchen, when plaintiff bent down to retrieve some garbage, Robinson placed his crotch in plaintiff's face, began humping, and said "some really nasty things" to plaintiff. *Id.* at 16. The next morning, plaintiff reported the assault to Mrs. Garwood and Captain Gill. *Id.* "They confronted [Robinson], and [] left [Robinson] there to work with me, and he started threatening me, and looking like he was gonna kill me, and got other inmates to threaten me, and other staff looking at me like I did something wrong." *Id.*

Upon returning to his cell that afternoon, plaintiff called the Prison Rape Elimination Act (PREA) hotline in order to preserve the video evidence.[2] *Id.* That evening, plaintiff claims he was placed "in the hole for almost two months, for turning [Robinson] in." *Id.* at 7.

Robinson was fired a couple days later when he finally admitted to sexually assaulting plaintiff. *Id.* at 16. NCF referred the matter to the Norton County Attorney, who declined to prosecute Robinson. (Dkt. 3-1, Norton County Attorney Letter dated December 30, 2013). NCF transferred plaintiff to the Hutchinson Correctional Facility on or about June 18, 2013. Dkt. 1 at 10.

---

[1] Because plaintiff did not consistently paginate the complaint and its attachment, page number references to Dkt. 1 are to the PDF page numbers as they appear in the court's record. Thus, the reference to "Dkt. 1 at 5" refers to page 5 of the 142-page PDF document, as opposed to plaintiff's designation of "Page 2. Of Cause of action…1."

[2] The Martinez Report indicates that no video of the incident was captured because the camera was not facing the direction of the supervisor's desk. Dkt. 35 at 4. The video is irrelevant because even if Robinson did not admit to the sexual assault, the court accepts plaintiff's version of the facts for purposes of this motion.

Plaintiff's complaint contains three counts of Eighth Amendment violations. Count I raises a failure to protect claim. Count II raises a deliberate indifference claim. Count III alleges defendants recklessly disregarded plaintiff's plea for help, as well as those from other inmates, against Robinson. Plaintiff seeks "economic and noneconomic damages for pain and suffering, and emotional, mental and physical distress, for injuries sustained in the amount of [$ 100,000] for [sic] each defendant, and [$ 500,000] from FSS Robinson . . . ." Dkt. 1 at 8; Dkt. 4, Motion to Amend Complaint at 1, ¶ 2). He also requests injunctive relief "in the form of defendants providing [him] full coverage [for] mental health treatment and all medicine paid when [he] get[s] out of prison." (Dkt. 4, Motion To Amend Complaint at 1, ¶ 4).

## II.     Legal Standards

Rule 12(b)(6) allows dismissal of a complaint only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *Iqbal*, 556 U.S. at 678. The court construes any reasonable inferences in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

## III.    Analysis

Defendants raise seven grounds for dismissal: 1) the two-year statute of limitations bars plaintiff's claims; 2) plaintiff failed to exhaust his administrative remedies; 3) the Aramark Defendants were not acting under color of state law; 4) 42 U.S.C. § 1997e(e) bars recovery for mental or emotional damages; 5) Captain Gill and the Aramark supervisors are entitled to

qualified immunity; 6) PREA provides no private cause of action; and 7) plaintiff failed to sufficiently allege a violation of the Eighth Amendment. The court finds grounds 6 and 7 meritorious, rendering further discussion on the remaining arguments unnecessary.

### A. Alleged Violations of PREA

Plaintiff referenced PREA in his complaint. He alleged that defendants failed to follow PREA protocols. Specifically, plaintiff contended that defendants failed to immediately escort Robinson off the facility. To the extent plaintiff meant to assert claims for PREA violations, they are subject to dismissal because PREA does not provide a private cause of action. *Krieg v. Steele*, 599 F. App'x 231. 233 (5th Cir. 2015) (collecting cases); *Burke v. Corr. Corp. of Am.*, Case No. 09-3068-SAC, 2010 WL 890209, at *2 (D. Kan. Mar. 10, 2010). Plaintiff's claims for violations of PREA and his demand for damages stemming from those alleged violations must therefore be dismissed for failure to state a claim upon which relief can be granted. *Beckham v. Keaton*, Case No. 14-CV-159-HRW, 2015 WL 1061597, at *6 (E.D. Ky. Mar. 10, 2015) (dismissing PREA-based claims).

### B. Sexual Abuse and the Eighth Amendment

Plaintiff's Eighth Amendment claims for sexual abuse also fail to state a claim upon which relief can be granted. For purposes of these motions, the court credits plaintiff's factual allegations. Even so, the single, brief physical contact and associated verbal harassment alleged in the complaint are not sufficiently serious and pervasive to permit redress under the constitution.

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. It encompasses an inmate's "constitutional right to be secure in her [or his] bodily integrity and free from attack by prison guards." *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003)

(internal quotation marks and citation omitted). "The right to be secure in one's bodily integrity includes the right to be free from sexual abuse." *Id.* at 1212.

To assert an Eighth Amendment claim, a plaintiff must satisfy a two-prong test: 1) the sexual abuse or assault must be "objectively, 'sufficiently serious'" and 2) the defendant had a sufficiently culpable state of mind or was "deliberately indifferent" to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the objective component of the Eighth Amendment, a plaintiff must show that he was subjected to official conduct or physical force that rose to the level of cruel and unusual punishment. Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Eighth Amendment prohibition "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* (internal quotation marks and citation omitted). To satisfy the subjective component of the Eighth Amendment test, a plaintiff must allege sufficient facts to show that a defendant had the culpable state of mind known as "deliberate indifference," which requires a higher degree of fault than negligence or gross negligence. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495-96 (10th Cir.1990) (citation omitted).

Courts have consistently found that allegations of suggestive touching are insufficient to give rise to a constitutional violation. *See Joseph v. U.S. Fed. Bureau of Prisons*, No. 00–1208, 2000 WL 1532783, at *1-*2 (10th Cir. Oct.16, 2000) (unpublished) (finding that a defendant's alleged suggestive touching and exposure of her breasts to the plaintiff were not sufficiently serious to invoke the Eighth Amendment, despite the plaintiff's allegations of emotional distress); *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997) (also finding no actionable Eighth Amendment claim arising from an allegedly suggestive statement and inappropriate

5

touching, including the touching of the plaintiff's genitals); *Escobar v. Reid*, 668 F.Supp.2d 1260, 1295–96 (D. Colo. 2009) (adopting recommended dismissal of the plaintiff's Eighth Amendment claim arising from a defendant's alleged groping of the plaintiff's buttocks and fondling of the plaintiff's genitals); *Williams v. Anderson*, No. 03-3254, 2004 WL 2282927 (D. Kan. Sept. 7, 2004) (unpublished) (finding that degrading remarks, grabbing of the plaintiff's buttocks, and indecent exposure did not give rise to an actionable Eighth Amendment claim). This court does not condone Robinson's inappropriate behavior. Rather, today's decision merely recognizes that Robinson's conduct does not reach constitutional proportions. The court concludes that plaintiff has not stated an actionable § 1983 claim against Robinson. In the absence of any underlying constitutional violation by Robinson, no § 1983 liability can attach against the remaining defendants.

This decision moots the following motions: 1) plaintiff's motions to appoint counsel (Dkts. 18 and 45); 2) plaintiff's motion for extension of time and motion to not dismiss any defendants (Dkt. 51); 3) plaintiff's motion not to dismiss the Aramark Defendants (Dkt. 52); 4) Aramark Defendants' motion to strike plaintiff's untimely response (Dkt. 54); and 5) defendant Gill's motion to strike supplement (Dkt. 58). Accordingly, the court denies these motions.

**IT IS SO ORDERED** this 10th day of April, 2017, that defendants' motions to dismiss (Dkts. 37 and 43) are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motions to appoint counsel, plaintiff's motions to not dismiss, and defendants' motions to strike (Dkts. 18, 45, 51, 52, 54 and 58) are **DENIED** as moot.

s/ J. Thomas Marten
Chief United States District Judge